EOD NOV 24 '03

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

03 NOV 24 PM 3:49
BY

| | | |
|---|---|---|
| RAYTHEON COMPANY | § | |
| Vs. | § | CIVIL ACTION NO. 2:03-CV-13 -TJW |
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL. | § | |

**ORDER**

1. Raytheon's motion to compel compliance with Local Patent Rule 4-2 (b) (#137) is denied. Although the defendants failed to comply with the local rules governing expert testimony disclosures, the plaintiff has had ample notice of the proposed expert testimony and has deposed the defendants' claim construction expert.

2. The defendants' motion to preclude Raytheon from offering expert opinions in support of its proposed claim constructions is also denied, but additional comments are warranted: This court's local patent rules do not suggest the availability of a "rebuttal" claim construction expert. Instead, the rules are structured to permit counsel to assess independently whether they wish to offer expert testimony in support of their claim construction positions. The rules thus contemplate simultaneous declarations of positions and disclosures of testimony. The rules are not designed to permit one side or the other to review the proposed expert testimony of the opponent and later determine whether, on further review, expert testimony might be helpful.

Be that as it may, in a given case, permitting a party to characterize a claim construction

expert as a " rebuttal expert" and allowing the party to designate that expert out of time could result in an unfair advantage in the claim construction process. A disclosure on the eve of the claim construction hearing would qualify as such a case. But that is not the case here. The claim construction hearing is set for January 14, 2004. The defendants will have an ample opportunity to depose the plaintiff's claim construction expert, and the court extends the claim construction discovery cutoff to that extent. Moreover, the court has employed its own technical advisor in this case to assist the court in the claim construction process. Any prejudice to the defendants resulting from the plaintiff's designation of its "rebuttal" expert is minimal. The court therefore denies the defendants' motion to preclude the plaintiff from offering expert testimony in support of its proposed claim construction.

3. In view of the above, the court also grants the plaintiff's motion for leave to amend its joint claim construction to include the expert report of Tom Gardner (#163).

So **ORDERED** and **SIGNED** this 21st day of November, 2003.

T. John Ward

T. JOHN WARD
UNITED STATES DISTRICT JUDGE